UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL R PRUETT, *et al*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. H-03-3241 |
| § | |
| HARRIS COUNTY BAIL BOND BOARD, *et* § | |
| *al*, § | |
| § | |
| Defendants. § | |

## SUPPLEMENTAL MEMORANDUM AND ORDER

**I.**

Before the Court is the plaintiffs, Carl R. Pruett and Scott Martin's, motion to recover costs and an attorney's fee under the Civil Rights Act, 42 U.S.C. §1988 (#102). Also before the Court are the defendants, the Harris County Bail Bond Board and Harris County, Texas response (#103) and the plaintiffs' reply (#104). After a review of the pleadings and exhibits, the Court awards an attorneys fee in the amount of $557,989, and costs of court in the amount of $30,473.83.

**II.**

This suit was filed on August 13, 2003, challenging the constitutionality of a state statute, Texas Occupational Code Annotated § 1704.109. The Court granted final judgment injunctive relief in favor of the plaintiffs on July 20, 2005. The defendants pursued an appeal to the Fifth Circuit Court of Appeals to no avail. The Circuit Court affirmed the Court's judgment for relief but reversed this Court in several respects. Unhappy with the Circuit Court opinion, the defendants filed a petition for Writ of Certiorari with the United States Supreme Court. The Supreme Court denied the defendants' petition and, as well, the plaintiff's conditional cross-

petition. The Circuit Court remanded the case to this Court on or about September 25, 2007. Since, the plaintiffs have filed their present motion for an award of attorney's fees and costs and that motion is before the Court.

### III.

The defendants do not dispute that the plaintiffs are the "prevailing parties" in this suit, as that term is understood in law. *See* 42 U.S.C. § 1988. However, they challenge certain discrete areas of billings where the defendants argue, no fees should be granted. The sole question for consideration and resolution by the Court, therefore, is the amount of any award. The method used by federal courts to calculate a reasonable attorney's fee is referred to as the "lodestar" method found by multiplying the number of hours reasonably expended in the preparation and trial of a case by a reasonable hourly rate. *Migis v. Pearle Visions, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The process requires a Court to consider the labor expended in similar cases, the novelty of the issues in dispute, the skill level required, the preclusion of other employment, the customary fee for like or similar cases, whether the fee is fixed or contingent, the time limitations imposed by the circumstances, the amount of the claim (nature) and the results, the experience, reputation and the ability of attorney, the undesirability of the case, and the nature of the relationship between the client and attorney. *See Johnson v. Georgia Highway Express, Inc.*, 388 F.2d 714, 717-19 (5th Cir. 1974).

By applying the *Johnson* factors in a two-step process, the lodestar may be determined. First, a court determines the compensable hours reasonably expended in the litigation. *See Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983). Next, a Court multiplies the reasonable hours by a reasonable hourly rate. *Id.* Finally, a Court computes and, if necessary, adjusts the lodestar by the prevailing rate that attorneys charge in the relevant community for similar services. *See*

*Hopwood v. State of Texas*, 236 F.3d 256, 281 (5th Cir. 2000).  The prevailing rate, unless other factors dictate, is the current rate that is paid to attorneys even though the litigation spans a number of years.  *See Missouri v. Jenkins*, 491 U.S. 274, 283-84 (1989); *see also*, *Hopwood*, 236 F.3d at 277-79.

## IV.

The defendants challenge the plaintiffs' attorney's fee and costs request in several discrete areas.  Specifically, the defendants assert that the plaintiffs' request should be reduced (a) for time associated with unsuccessful claims; (b) for time associated with efforts to defeat International Fidelity Insurance Company's intervention; (c) for time devoted solely to the plaintiffs' state court litigation; and, (d) for time expended for work that does not merit full attorney billing.  In all other respects, the defendants' have not challenged the plaintiffs' claim with respect to the *Johnson* factors.  Hence, the Court will focus its attention in the areas that the defendants address.

The defendants first argue that the time of attorney David Furlow should be reduced by 40.9 hours for the year 2003 because his time sheet entries are unclear and reflect personal time expended to file documents and to "convince the Attorney General's Office not to defend the underlying statute . . ."  The Court is of the opinion that the defendants argument in this regard is flawed.  There certainly are opportunities for counsel to exercise judgment concerning, for example, whether to persuade a necessary party or concede a legal point.  However, in this case, the Court understands the plaintiff's contacts with the Attorney General to be an effort to reduce litigation expense by persuading a necessary party to forego a place in the litigation.  The Court is of the opinion that the defendants challenge in this respect should be overruled.  On the other

hand, the defendants' challenge the time expended by Boyd and Kelly, 6.8 hours which appears to be unnecessary or duplicative of the time expended by Furlow. Therefore, that time is deleted.

Next, the defendants contend that Furlow's charged time should be reduced for the year 2004 by 77.8 hours. The defendants argue that time billed on the International Fidelity Insurance Company intervention, faxing documents, "drive time", preparation of an expert witness and other related events and entries that have been redacted, should be excluded. The Court understands the defendants challenge to be like or the same as those asserted for the year 2003. The defendants do not argue that the time was not expended in the manner reported. Nor do they assert that the expenditure was unnecessary at the time of the expenditure. It appears that the defendants are looking in the rear-view mirror and making judgment after the fact. The defendants do not argue that the expenditures were not reflective of a reasonable attorney under the, then, circumstances. Therefore, the Court rejects the challenge of the defendants that the time expended by Furlow should be reduced by 77.8 hours. Likewise, the Court rejects the challenges to the time expended by Pellegrin, Guenther, Kelley and Barrow for the same time frame.

The Court likewise rejects the challenges of the defendant for time expended by Furlow, Kelley, Brown, Pernell, Brady and Parks for the years 2005 and 2006. The challenges appear to simply be addressed to how the plaintiffs' counsel maintained their books. They argue that there is no separation between the time expended for unsuccessful claims and successful ones, or between tasks related to appellate work and trial work. Once again, there is no argument that the time expended was unnecessary, or that the time was not actually expended. The argument against the plaintiffs' claim rests primarily in the area of proper bookkeeping that might permit a more specific or different challenge. The Court, therefore, rejects these challenges. It appears

from the plaintiffs' exhibits that the work expended on successful claims cannot be clearly separated from those where the plaintiffs were unsuccessful. The case facts and events suggest to the Court that whether the unsuccessful claims were raised in the first instance, or not, would not necessarily alter the time expended. Therefore, the Court rejects the defendants' challenges to the 2005 and 2006 claims.

The Court's reasoning for years 2003, 2004, 2005 and 2006 flows through the remainder of the defendants' challenges for years 2007. The Court agrees with the defendants regarding the 2.9 hours that Furlow expended for amicus activities. However, the Court rejects the defendants' charge concerning the claim as it relates to Pennell for 2008. The Court therefore concludes that the reasonable number of hours, for purposes of calculating the lodestar, is 1,317 hours.

The Court has reviewed the billing rates that the plaintiffs have submitted. And, with the exception of the rates charged by Burlingame, Boyd, Parks and Furlow, the rates are adopted by the Court. Furlow is deemed to be the lead attorney in the case and the Court approves a rate of $450 per hour. With regard to Burlingham, Boyd and Parks, the Court approves a rate of $400 per hour. After a recalculation of the plaintiffs claim with the reductions, the Court awards the plaintiffs the sum of $557,989 in attorney's fees. In addition, the Court awards taxable costs in the amount of $30,473.83.

It is so Ordered.

SIGNED and ENTERED this 13th day of November, 2008.

_____
Kenneth M. Hoyt
United States District Judge