UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARL R PRUETT, *et al*, | § |
| | § |
| Plaintiffs, | § |
| VS. | §   CIVIL ACTION NO. H-03-3241 |
| | § |
| HARRIS COUNTY BAIL BOND BOARD, *et al*, | § |
| | § |
| Defendants. | § |

ORDER

Before the Court are the plaintiffs' motion to amend the attorney's fee award granted in this case based on the time and expense devoted to its preparation and the defendants' response. As acknowledged, the sole issue before the Court on remand was to determine a reasonable attorney's fee in behalf of the plaintiffs. The Court has accomplished that task. The plaintiffs now seek a supplemental attorney's fee for time and associated expenses in the preparation and defense of their fee application.

Earlier the Court denied the plaintiffs' motion for supplemental fees on the view and belief that the plaintiffs were fully aware at the time that its motion was filed the attorney's time expended in the preparation of its fee application and any other attorney's fees that had been incurred. To file an incomplete application is unbecoming and causes confusion. However, the supplementation request appeared to be triggered by the defendants' response to the plaintiffs' motion. The response, although substantial and vigorous, does not require additional attorney's fee time and in particular as has been accumulated by the plaintiffs. Certainly a response by the defendants should have been anticipated, but not one requiring further research, depositions or

extensive legal time.  However, the Court is of the view that the defendants are not prejudiced by the plaintiffs' motion for supplementation as it relates to the preparation of its request for fees.

In light of the fact that the preparation time for the fee application was not included in the fee application, the Court grants attorney Furlow, alone, a supplemental attorney's fee and cost in the amount of $ 7,779.  The Court finds it unnecessary for counsel to have deposed opposing counsel's expert(s).  This conduct essentially converting a fee request into a contest of wills at the public's expense.  All other fees and expenses are DENIED.

It is so Ordered.

SIGNED and ENTERED this 12th day of December, 2008.

_____
Kenneth M. Hoyt
United States District Judge